Joseph A. Cox, S.
This is an application by the successor trustee of a charitable trust for construction of the will and a determination of other questions having to do with the administration of the institution which was organized to carry out the charitable purposes of the testatrix.
*426 The deceased died on January 26, 1904 and her will was admitted to prohate on April 6, 1904. In it she directed her trustees ‘ ‘ to purchase a suitable plot of land in Methuen, in the County of Middlesex, Massachusetts, and to build or cause to be built thereon a Home for aged persons of either sex, whether married or single, and who may be practically incapable of supporting themselves; and also for those of whatever age and of either sex who may be afflicted with incurable malady and who may stand in need of charitable aid * * * and I authorize and empower my said Trustees, and their successors, to expend the sum of One hundred thousand Dollars out of the residue of my estate for the purchase of said plot of land and the construction of said building thereon, and the furnishing of the said house with the furniture and equipment which may be requisite and necessary to carry out my purposes and objects as above stated * * * and I direct that the said establishment be known as the ‘ henry o. nevins home for the aged and INCURABLE ’. ’ ’
In a later paragraph of her will she left instructions requiring her trustee ‘ ‘ to use and employ the income of the entire balance of my said residuary estate in maintaining the said ‘ Home ’ ”.
In compliance with the directions of the testatrix the then trustee purchased property in Methuen, Mass., and erected a building accommodating 107 residents. It also caused to be organized in the Commonwealth of Massachusetts a charitable corporation designated as the Henry C. Nevins Home for the Aged and Incurable under a charter authorizing it to carry out the terms of the trust under the will. For more than 50 years of the existence of the trust, the income has been dedicated to the charitable purpose specified by the testatrix by payment to the corporation whose treasury has been augmented by contributions from other sources. At the present time maintenance of the institution has become increasingly difficult, last year’s expenditures exceeding income by a substantial margin. In an effect to overcome this condition and to continue to provide care of the sort contemplated by the testatrix, the trustee and the officials of the Home have considered the possibility of admitting applicants on a paying basis providing in return board, residential accommodations and infirmary care when necessary. It is contemplated that many of the individuals accepted on this basis would exhaust their private funds prior to the termination of their need for such maintenance but that their care would thereafter be continued through the use of old age assistance and disability benefits supplemented by payments *427 under a program to which the Commonwealth of Massachusetts is presently committed and which it administers with funds contributed in part by the Federal Q-overnment.
The immediate question is concerned with the problem as to whether a plan of the sort described would be at variance with the directions of the testatrix. However, it should be noted at the outset, that the trustee as a condition to its co-operation in the proposal has insisted, and the Home has agreed, that all of the present residents of the institution to whom no charge is made will be cared for on the same basis for the balance of their lives should they choose to remain members of the Kevins institution. There is the problem present however, as to whether persons who would be in a position to make payments from their own funds for a limited period for their support and maintenance in the Home may, nevertheless be said to come within the categories described by the testatrix as “ aged persons of either sex, whether married or single, and who may be practically incapable of supporting themselves; and also for those of whatever age and of either sex who may be afflicted with incurable malady and who may stand in need of charitable aid.”
It has been shown to the satisfaction of the court that a wholly new departure in institutional care for the aged and infirm has taken place within the last several years and a program enlisting the mutual co-operation of private institutions and Federal, State and municipal bodies has been established. In the ordinary course of events, aged persons who enter private nursing homes on a voluntary basis and who are able to provide the cost of their own care for a limited period, will remain in the institution for the balance of their lives. The infirmities of age render them incapable of supporting themselves in many instances and in others illness keeps them from gainful employment. Certainly such individuals could be described as “ practically incapable of supporting themselves ” or standing “in need of charitable aid.” Having so qualified for membership in the class of persons whom the testatrix intended to benefit, to deprive them of her help because of supplemental assistance derived from their own or other sources, would he to thwart her purpose. For this reason the court holds that the trustee and the Home are authorized to accept patients on a paying basis in accordance with the program here outlined provided that all of the present residents shall be cared for for the duration of their lives or so long as they continue to observe the rules of the institution which the court has had occasion to examine and which it approves.
*428 The second of the questions upon which the court is asked to pass concerns the investment authority of the trustee. It has already been held that “trust investments in this estate may be made in securities authorized by law in the same manner that would be permissible if the will lacked a limitation upon the trustee’s investment powers.” (Matter of Nevins, 8 Misc 2d 1041, 1045.) The questions which now arise involve the formula for the making of investments under section 21 (subd. 1, par. [m]) of the Personal Property Law and the inclusion or exclusion from the base for determination of the 35% limitation specified therein, of the value of the real property and buildings which the trustee purchased at the inception of the trust. It is the position of the trustee that this property should not be considered as a part of the investment base for the reason that it is not a true trust investment but in effect an instrument for the achievement of the charitable purposes of the testatrix. This view finds support in her instructions requiring the trustee “ to use and employ the income of the entire balance of my said residuary estate in maintaining the said ‘ Home ’ ’ ’. (Italics supplied.) These directions make it possible to attribute to the testatrix a clearly manifested intention to differentiate between the property and buildings in which the institution is housed and the fund she provided for their maintenance. In this light the court is of the view that the purposes of the statute would not be circumvented by allowing the trustee to disregard the value of the real property in its investment program and it is so held.
The next and final question presented by the petitioner involves the determination of the limits of the area within which its discretion to invade principal for funds for repairs or rehabilitation of the building and land may be exercised. The instructions of the testatrix in that connection are contained in paragraph Twentieth of the will which provides as follows: “If at any time the * * * (Trustee) shall think it expedient * * * to repair or rebuild any buildings on said lands, or to make any permanent improvements in connection with the real estate held by them under the Sixteenth clause of this Will, I hereby authorize them to use for those purposes at any time such portion or portions of the principal of said trust fund as they may see fit to use ”.
The Home has recently requested the trustee to invade principal for funds to be employed in making repairs of a permanent nature. Because the trustee is satisfied that the institution is in possession of other funds which could be employed for that purpose, it has declined to grant the request. *429 Under the quoted language of the will the trustee is free to make such a decision in the free exercise of the discretion authorized and since there is no charge by the Home that that discretion has been abused in the refusal to encroach upon principal, the court finds it unnecessary to make any ruling on the matter at this time.
Submit decree on notice construing the will in accordance with the foregoing.