Joseph A. Cox, S.
In this proceeding to settle the intermediate account of the trustee, a cross petition has been filed for a construction of the will by the Hastings Foundation, a charitable corporation organized and existing under the laws of California, pursuant to the provisions of paragraph Twelfth of the will, wherein testator directed his executors to organize a nonsecretarian charitable corporation under that name for the study, prevention, treatment and care of tuberculosis and to erect, equip and maintain a sanitarium to be known as the Charles Cook Hastings Home. Under article Thirteenth of the will, he gave his residuary estate to the trustee in trust for the use and benefit of said corporation which, together with the trustee, has been carrying out the directions of the testator since operations began in 1945. The primary activity of the Home aforesaid has been directed to the field of research in the causes and care of tuberculosis but the advances made in this field in recent years have caused a change in conditions under which the Home can operate. While that disease is declining in the Caucasian race, its highest incidence occurs in California in the Tellow race. The cross petitioner submits that under the changed conditions existing today, we must impute to testator an intention that all races be treated at the Home and also on an outpatient basis in order to permit a wider scope to the present-day methods of treatment. Although testator specified in his will that only members of the Caucasian race be admitted to the Home, he authorized wide discretion as to the method of operation with one exception, providing: ‘ ‘ I do not, however, wdsh to restrict said Board in conducting and administering said sanitarium; and except as to my wish that no funds for the maintenance and support of said sanitarium shall be solicited, *370 said Board shall not he required to follow my desires herein expressed if it is deemed advisable to vary therefrom in whole or in part. ’ ’
The cross petitioner prays that the will be construed so as to authorize the Foundation to (1) operate the Home on an outpatient basis and treat on such basis the peoples of all races and colors; (2) accept payments for the care of patients in said Home from corporations, organizations and other entities operating a health plan or health insurance plan of which such patients are members and to accept from interested individuals or from organizations or foundations organized to further research in tuberculosis and other diseases grants-in-aid for the purpose of conducting research projects.
No one opposes the construction requested and the Attorney-G-eneral representing indefinite charitable beneficiaries states that he has no objection to the relief prayed for.
In view of the wide discretion provided in the will and in view of changing conditions there would be doubt only as to the second request aforesaid. However, the court is of the opinion that even this does not come within the exception aforesaid, namely, that the discretion does not relate to the solicitation of funds. Funds derived from corporations operating health insurance plans of which patients are members and grants-in-aid, without being solicited, would be a welcome .contribution and addition to the fund to carry out testator’s intention to the full extent. This would not preclude the treatment of patients who had no funds and who would have to rely entirely on charity and would in fact enable the Home, especially on an out patient basis, to take care of a greater number of persons and to extend the scope of treatment and research contemplated by testator. To paraphrase the language in Matter of Nevins (16 Misc 2d 425) where a similar situation existed with respect to indigent persons, and the court construed the will to permit the admission of patients who were able to pay even for a limited period “ such individuals (namely those who would be members of health insurance plans) would come within the class of patients intended by testator ” especially since the trustee and the Foundation were given wide discretion not to restrict themselves to the precise scheme provided by him. Finally, any funds received from such health insurance plans or from grants-in-aid would not violate the restriction against solicitation of funds. The construction prayed for by cross petitioner and which is unopposed by the trustee is approved by the court.
Submit decree on notice construing the will and settling the account accordingly.