CONNECTICUT BANK AND TRUST COMPANY, TRUSTEE, ET AL. *v.* CARL R. AJELLO ET AL.

SUPERIOR COURT JUDICIAL DISTRICT OF FILE NO. 034419
LITCHFIELD

Memorandum filed September 30, 1983

*Mark J. Jones,* for the plaintiff.

*Joseph I. Lieberman,* attorney general, and *David E. Ormstedt,* assistant attorney general, for the defendant.

PICKETT, J. The plaintiffs, Connecticut Bank and Trust Company, trustee, the Winsted Memorial Hospital, and James L. Glynn, executor of the will of the decedent, Rose M. Lynch, filed a petition to conform the will of the decedent to meet the tax deductibility requirements of the Internal Revenue Code of 1954, as amended, in accordance with Public Acts 1981, No. 81-42. The individual defendants, beneficiaries under the will, have been defaulted and the matter is before the court with the attorney general as the sole defendant. General Statutes § 3-125.

All of the allegations of the complaint have been admitted and the sole evidence is a copy of the decedent's will dated April 22, 1975. Paragraph 8 provides in part that "I give and bequeath the rest, residue and remainder of my property as follows . . . one-half to said Connecticut Bank and Trust Company, In Trust, to invest and reinvest the same and to pay the income therefrom to the Winsted Memorial Hospital, for its general purposes." The parties request that the court add to paragraph 8 the following provision: "Upon the dissolution of Winsted Memorial Hospital, the trust assets shall be distributed for one or more exempt purposes within the meaning of § 501 (c) (3) of the Internal Revenue Code, or corresponding section of any future federal tax code, or shall be distributed to the federal government, or to a state or local government, for a public purpose."

In their original complaint the plaintiffs relied on § 45-79a as amended by Public Acts 1981, No. 81-42, as conferring upon the Superior Court jurisdiction to reform the will. By memorandum of decision dated March 10, 1982, the court, *Stoughton, J.,* denied relief for the reason that the statute authorizes the court to

reform a will or trust only to the extent necessary to qualify for an estate tax deduction under the provisions of § 2055 of the Internal Revenue Code. The court found that the statute did not authorize the court to reform a *will* or *trust* in order to qualify it for income tax exemption.

The 1983 General Assembly enacted Public Acts 1983, No. 83-24, effective from passage, which further amended § 45-79a. Citing this public act for the proposition that the Superior Court now has statutory authority to reform wills and trusts so as to qualify for exemption from income tax, the plaintiffs moved for restoration of the case to the docket. Following the granting of that motion, the plaintiffs filed an amended complaint. By way of amended answer and counterclaim, the attorney general denies that Public Acts 1983, No. 83-24 authorizes the intended result, but alleges that the court has inherent equitable jurisdiction to reform the will as requested regardless of any statute.

The public act authorizes the bringing of an action to conform a will to meet the requirements of § 170 (f) (2) (A) of the Internal Revenue Code. That section provides that "in the case of property *transferred in trust,* no deduction shall be allowed under this section for the value of a contribution of a remainder interest unless the trust is a charitable remainder annuity trust or a charitable remainder unitrust . . . or a pooled income fund." (Emphasis added.) This is inapposite to the facts of this case. We are not concerned here with property being transferred by the trustee in trust. The contribution of income by the trustee to the Winsted Memorial Hospital, which is what we are concerned with, is an outright transfer free of trust.

Furthermore, the public act allows for the reform of a trust instrument where a deduction is not allowable .

at the time of a decedent's death because of the failure of an interest in property which passes from the decedent, Rose Lynch, to a person, Connecticut Bank and Trust Company, to meet the requirements of § 170 (f). If the issue here were whether an inter vivos charitable remainder trust created by Rose Lynch could be reformed after her death so as to qualify the trust as an annuity trust, unitrust, or pooled income fund, thereby allowing the estate of Rose Lynch a retroactive deduction from her income tax of the value of a remainder interest passing to charity, then the public act might apply.

That, however, is not the purpose of this action. What the plaintiffs desire is a reformation of the will so that the trust created thereunder qualifies as an organization exempt from taxation under § 501 (a) of the Internal Revenue Code because its assets are devoted exclusively to charitable purposes. The public act in no way addresses itself to this situation. It speaks to § 170 of the Internal Revenue Code which concerns the deductibility of contributions to charity. Specifically, § 170 describes under what conditions a transfer of property qualifies as a charitable contribution for income tax purposes. Yet this action does not have anything to do with whether the income paid by the plaintiff trustee to Winsted Memorial Hospital can qualify as a charitable contribution. What this action addresses is the tax status of the trust, not the status of its payments to the hospital. Whatever things the act does accomplish, providing for the relief requested by the amended complaint is not one of them.

The supervision of charitable trusts is an inherent judicial function. *Bridgeport Public Library & Reading Room* v. *Burroughs Home,* 85 Conn. 309, 320, 82 A. 582 (1912). As a court of equity, it possesses the authority to carry out the intent of the donor of a charitable trust. *Second Ecclesiastical Society* v. *Attor-*

ney General, 133 Conn. 89, 92, 48 A.2d 266 (1946). This is because charitable trusts are highly favored and every reasonable intendment is made to effectuate the benevolent intent of the settlor. *Ministers & Missionaries Benefit Board* v. *Meriden Trust & Safe Deposit Co.,* 139 Conn. 435, 448, 94 A.2d 917 (1953).

There can be no question that this is a trust for charitable purposes. See *Legat* v. *Adorno,*138 Conn. 134, 146, 83 A.2d 185 (1951); *Mitchell* v. *Reeves,*123 Conn. 549, 554, 196 A. 785 (1938); *Charlotte Hungerford Hospital* v. *Mulvey,* 26 Conn. Sup. 394, 225 A.2d 495 (1966); *Town of Brookline* v. *Barnes,* 324 Mass. 632, 87 N.E.2d 843 (1949); 4 Scott, The Law of Trusts (3d Ed. Sup. 1983) § 372. By directing her trustee to distribute the trust income to Winsted Memorial Hospital for its general purposes, Rose Lynch clearly intended to benefit the sick and injured who may have occasion to need the hospital's services.

Both the petitioners and the attorney general request the addition of a provision to the decedent's will. No authority for such a procedure has been offered and the court has been unable to locate any. The fact that the will fails to include a provision for a gift over in the event that the Winsted Memorial Hospital is dissolved is not sufficient to give this court authority to add a provision to the decedent's will.

It is the law of this state that there is no reversion or gift over upon failure of a trust unless the instrument specifically provides. *Bristol Baptist Church* v. *Connecticut Baptist Convention,* 98 Conn. 677, 684, 120 A. 497 (1923); *Bridgeport Public Library & Reading Room* v. *Burroughs Home,* supra, 315–17. In the absence of such a provision, the courts will apply the equitable doctrine of approximation so that the property may be applied to some other charitable purpose consistent with the donor's original intent. *Lockwood* v. *Killian,*

172 Conn. 496, 375 A.2d 998 (1977); *Shannon* v. *Eno,* 120 Conn. 77, 86–87, 179 A. 479 (1935). Therefore, in view of the testatrix' will, the court would apply the trust to another charitable purpose in the event of the dissolution of Winsted Memorial Hospital. Such relief if warranted is far different from adding a provision to a will. See *Connecticut Junior Republic* v. *Sharon Hospital,* 188 Conn. 1, 448 A.2d 190 (1982).

For the reasons set forth, the petitions contained in the complaint and in the counterclaim are denied without costs.