[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the trustees of a charitable trust established in 1903 under Paragraph 4 of a codicil to the Last Will and Testament of George Sykes. Sykes bequeathed $100,000 in perpetual trust to five trustees and their successors to establish a training school for the instruction of boys in manual labor. The will reads as follows:
 I give and bequeath to Francis T. Maxwell, William H. Prescott, Charles Phelps, David A. Sykes, and J. Henry McCray, all of the City of Rockville, County of Tolland, State of Connecticut, the sum of one hundred thousand dollars in perpetual trust, to them and their successors in office, for the purpose of establishing and maintaining at said City of Rockville a manual training school for the instruction of boys in manual labor, including drafting, carpentering, plumbing, all kinds of electrical work, physical culture, and all other branches of manual training commonly taught in such schools. Said school shall be open to boys between the ages of ten and twenty-one years, who are resident of the Town of Vernon and of said City of Rockville, subject to such rules and regulations as to their qualifications for admission to said school as said trustees and their successors in office may CT Page 3680 establish from time to time.
 Said trustees may add to the facilities and privileges afforded by said manual training school, such other facilities and privileges incidental and kindred thereto, as they may deem best from time to time, and as the funds of said school may warrant. Said trustees and their successors in office shall have power to purchase land and erect or purchase buildings for the purpose of carrying out the provision of this trust.
 The general management and oversight of said school, including the system and plan training and course of studies to be pursued, shall be vested in said board of trustees and their successors in said office. Said board may elect a president, a vice-president, a secretary, and a treasurer, and such other executive officers as they may deem necessary to carry out the purposes of this trust, including a superintendent and the instructor of said school.
 All vacancies in said board, from any cause, shall be filled by appointment of the surviving trustees.
 The board of trustees shall have power from time to time to make by-laws defining the duties of said officers, agents, superintendents and instructors, and the method of calling meetings of the trustees, and other by-laws relative to the management and government of said school and its affairs.
 In case a greater number of boys shall apply for admission to said school than can be accommodated and instructed having reference to the funds in the hands of said trustees, a selection from said applicants shall be made by the board of trustees under such rules and regulations as to number to be admitted, and qualifications of the applicants, as they may prescribe.
 The annual meeting of said board of trustees shall be held on the first Monday of January in each year, unless otherwise voted by two-thirds vote of said board of trustees, and any three of said trustees shall constitute a quorum for the transaction of business in any meeting called, as CT Page 3681 may be provided in the by-laws.
In accordance with that directive, the trustees established a school in Rockville in 1924. At some point in time the facilities were leased to the Town of Vernon Board of Education for public school purposes. The board so utilized the building until 1984. The trustees then attempted to lease the property to others but there were no viable tenants. Meanwhile, the property was deteriorating and the costs of maintaining it were escalating. In 1985, the trustees had the real estate appraised by a licensed appraiser who determined that the fair market value was $85,000.00 on September 1, 1985. After obtaining probate court approval, the trustees listed the property for sale to the highest bidder and it was sold in August, 1986 for $180,000.00. The net proceeds were invested together with other accumulated trust funds managed by the Connecticut Bank and Trust Company. As of September 28, 1990, the value of the trust corpus was $1,383,794.00. The trust yields an annual income of about $80,000.00.
The trustees commenced this action for a declaratory judgment to determine how the corpus and/or income of the trust may now be used. The attorney general is a necessary party to this action as it is litigation involving a public trust. Lockwood v. Killian, 172 Conn. 496 (1977).
The Sykes trust is a charitable trust. The doctrine of approximation (modified "cy pres") applies to charitable trusts in situations where a testator has evidenced a dominant intent to devote his property to some charitable use, but the circumstances are such that it becomes impossible, impracticable or illegal to follow his wishes to the letter. The courts will then sanction the gift's use in some other way which approximates his general intention. Duncan v. Higgins, 129 Conn. 136, 140 (1942); Shannon v. Eno,120 Conn. 77, 86-87 (1935); Restatement Trusts 2d, Sec. 399 (1959). Our Supreme Court recognizes the doctrine of approximation (see, for example, Lockwood v. Killian, supra.) and vests exclusively the Superior Court, as a court of equity, with the power to apply the doctrine. Second Ecclesiastical Society v. Attorney General, 133 Conn. 89,93-94 (1946).
In order for this Court to invoke the doctrine of approximation, it was necessary for the plaintiffs to prove that it is either impossible and/or impractical to establish and run a separate school to train boys in industrial arts. See Seymour v. Attorney General, 124 Conn. 490, 498-99
(1938). The plaintiffs have proven by a preponderance of the CT Page 3682 evidence that the trust assets are insufficient to build and maintain such a school. In addition, the action taken by the trustees when they sold the school property in 1986 was prudent. That sale not only preserved the trust assets, but allowed them to grow. The cost of maintaining the property, without more, could have depleted the liquid assets of the trust. The real estate was sold for more than its appraised value. When the trustees elected to close the school and sell the building, however, they abandoned their obligation under the Trust. Under the court's equitable powers and the standards of the doctrine of approximation, the actions of the trustees concerning the closure and sale of the school property are ratified.
The parties to this action have stipulated that the gender restriction imposed by the terms of the Trust violates Article I, Section 20 of our state constitution. "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin or sex." Inasmuch as the Trust is concerned with educating children from ages 6 to 21, taking into account the State Constitutional provision for free public elementary and secondary schools, (Article Eighth, Sec. 1, Connecticut Constitution, 1965), licensure and accreditation standards mandated by the State, the tax exempt status of the Trust and the prior involvement of the Trust with the Town of Vernon public schools, the court finds sufficient involvement of the state so that the claimed constitutional deprivation requires judicial modification of the Trust provisions to remove the gender restriction. Restricting the beneficial application of the Trust to boys and young men serves no important objective. Consequently, this Court exercising its equitable powers removes the gender restriction.
Accordingly, the Court orders that Paragraph 4 of the Codicil executed on November 11, 1903 by George Sykes be amended by deleting the language in Paragraph 4 beginning with the fifth line, "for the purpose of establishing and maintaining. . . as may be provided in the by-laws," and substitutes, in lieu thereof, the following language:
 ". . . for the purpose of aiding and supporting the instruction of children between the ages of 10 and 21 years of age who are residents of the Town of Vernon. Such instruction shall be in manual labor to include but not be limited to metal working, auto mechanics, graphic arts, woodworking, drafting, carpentry, plumbing, all kinds of CT Page 3683 electrical and computer training including repair or use thereof, plastic technology, physical culture and all other branches of vocational training commonly taught.
 Said trustees may provide such aid and support in the form of support to the school system of the
 Town of Vernon for such programs set forth or in the form of scholarship or transportation aid to residents of the Town of Vernon to attend schools located outside of the Town of Vernon offering said programs as set forth.
 The selection of the aid or support or in the number of students receiving such aid and support shall be vested in the discretion of said trustees having reference to the funds in the hands of said trustees.
 The general management of said fund shall be vested in the Board of Trustees and their successors in office. Said Board may elect a president, vice-president, secretary and a treasurer and such other officers as they deem necessary to carry out the purposes of this trust. Said Board shall consist of at least five members and no more than seven members. All vacancies in said Board, from any cause, shall be filled by appointment to be made by the surviving trustees.
 The Board of Trustees shall have the power from time to time to make such by-laws defining the duties of said officers and agents and the method of calling meetings of the trustees and other by-laws relative to the management of their affairs and shall have all such powers and authority to manage said trust fund as is or may be set forth in Chapter 780C of the Connecticut General Statutes Revision of 1958, Revised January 1, 1989 which powers are incorporated herein by reference.
 The annual meeting of said Board of Trustees shall be held on the first Monday of January of each year unless and otherwise voted by two-thirds vote of said Board of Trustees, and any three of said Trustees shall constitute a quorum for the transaction of business at any meeting called as may be provided by the by-laws."
CT Page 3684
Scheinblum, J.