[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#103)
This matter comes before the court on a motion for summary judgment filed by the plaintiff, Charlotte Hungerford Hospital. The motion is supported by affidavits of David Newton, President of Charlotte Hungerford Hospital and three physicians on the staff of said Hospital, Dr. Kovalchik, Dr. Sawula and Dr. Shenoi. Neither the defendant City of Torrington nor the defendant Attorney General, State of Connecticut filed papers in opposition to the motion. Neither defendant has filed any objection to the motion for summary judgment being granted.
All parties have agreed to have the issues raised herein resolved by means of summary judgment. "Summary judgment shall be rendered if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384. "If the sole question is one of law, it could properly be determined on a motion for summary judgment." Schlott v, Zaremski, 32 Conn. Sup. 567, 569 (App. Sess. 1975). The construction of the deed of trust in question is appropriately submitted to this court to decide in light of the undisputed facts before it. "The construction of a will presents a question of law to be determined in the light of the facts which are found by the trial court or are undisputed or indisputable." Carr v. Huber, 18 Conn. App. 150, 154 (1989). So, the meaning of language in deeds and their legal effect is a question of law. Mizla v. Depalo, 183 Conn. 59, 63 n. 8 (1981). CT Page 1672
The plaintiff in this construction action is a non-stock corporation which for many years has owned and operated a voluntary general hospital in a complex of buildings located on a 120 acre tract of wooded land about one mile from the center of the City of Torrington. The land was acquired under a deed of trust providing that the premises thus conveyed "are to be held and used by said grantee for the purpose of maintaining and carrying on a general hospital and, if a majority of corporators so elect, a training school for nurses in connection therewith may be established, and for no other purpose whatsoever". The deed of trust in question, executed in 1917, specifically provided that "if the land herein granted shall cease to be used for the purposes aforesaid. . . title . . . shall thereupon pass to and vest in said town of Torrington . . . to be used forever as a public park. . . ."
The Special Act of the General Assembly of Connecticut under which plaintiff was organized in 1917 provides, inter alia, that it shall receive said tract of land. . . . "to hold the same subject to all the terms, conditions, restrictions and provisions of said deed and for the purpose of carrying out the trust created by said deed, namely, maintaining and supporting a hospital to be known as The Charlotte Hungerford Hospital,"
The plaintiff is the largest general hospital in Litchfield County, and has an active medical staff of about 85 practicing physicians and surgeons, including specialists as well as general practitioners and much of their working time is spent on the hospital premises. The hospital is located a considerable distance from any property not owned by it which would be suitable for the construction of a medical office building.
This is not the first time the Hospital has sought the advice of the court on a question centering on the propriety of constructing a medical office building on Hospital property. See Charlotte Hungerford Hospital v. Mulvey, 26 Conn. Sup. 394 (1966). In 1966, the plaintiff contemplated the construction of a medical office building to be used by members of its medical staff and in that regard secured a judgment from the court construing inter alia the terms of the Deed of Trust. The Deed of Trust provided in pertinent part that the premises "be held and used by said grantee [the Hospital] for the purpose of maintaining and carrying on a general hospital." Id. at 394. Further, the Special Act of the legislature which created the Charlotte Hungerford Hospital, the court dictated that the plaintiff receive its real property and "hold the same subject to all the terms, conditions, restrictions and provisions of said deed and for the purpose of carrying out the trust created by said deed, namely, maintaining and supporting a hospital to be known as The Charlotte Hungerford Hospital." Id. at 395.
The court held that the medical office building project then proposed to be built and owned by the hospital or a wholly owned CT Page 1673 subsidiary was well within the ambit of that which was contemplated by the Deed of Trust and Special Act.
In the nearly twenty-five years since the plaintiff last approached the court for guidance, an underlying fact of the utmost importance has not changed; the presence of a medical office building located on hospital grounds would greatly assist in the fulfillment of the hospital's mission of furnishing care to citizens of Torrington and surrounding communities. Those factors identified by Judge McDonald as evidencing the importance such a facility would have in improving the ability of the hospital to meet its charge are still true to this day.
 Because of the size of the hospital grounds and the rather remote location of the main hospital buildings, the establishment of a medical office building on the hospital grounds would be of great convenience and advantage both to the individual doctors and the hospital — enabling the doctors to spend their office hours in close proximity to the hospital, with its readily available facilities, and providing the hospital with an ever-present staff, almost instantly available when needed. Id. at 395.
The substance of the project plaintiff now hopes to undertake differs little if at all from that which was found to be permissible by the court in 1966. The plaintiff seeks to achieve the end earlier sanctioned, the erection of a medical office building, by means of the construction of a leasehold medical office building condominium.
The specific questions which the court is now requested to answer, in its decree, are as follows:
1. Whether plaintiff is authorized and empowered to lease a portion of its land to a wholly owned subsidiary which, as an integral part of plaintiff's general hospital complex, would construct and convey condominium units in a medical office building to attending and associate members of plaintiff's medical-dental staff.
2. Whether in addition to offices and office suites for attending and associate members of plaintiff's medical staff said building may contain facilities customarily related to or supporting such offices and suites, such as medical laboratories, pharmacies, dispensaries and other facilities for auxiliary hospital uses.
The court finds on the basis of the affidavits submitted in support of the motion for summary judgment that the proposed project will allow plaintiff to better carry out its mission as set forth in the Deed of Trust and is wholly consistent with the dictates of that instrument.
A decree may enter advising plaintiff of its rights, powers and authority herein by answering the two questions propounded in Paragraph CT Page 1674 23 of its complaint in the affirmative.
PICKETT, J.