MISSIONARY SOCIETY OF THE METHODIST EPISCOPAL CHURCH
*vs.* GEORGE A. CHAPMAN & others.

Franklin. Sept. 17, 1879. — Feb. 25, 1880. AMES & ENDICOTT, JJ., absent.

A testator devised an interest in land "to the missionary case of the Methodist Episcopal Church." On a petition for partition by the Missionary Society of the Methodist Episcopal Church, a corporation, organized under the laws of New York, claiming to be the devisee, it appeared that the testator was a mem ber of the Methodist Episcopal Church in a town in this Commonwealth; that, by the rules of that denomination, all money collected for missions was required to be sent to the petitioner, and there was no incorporated society nor organization of any kind in New England which took charge of the missionary work of the denomination, although the rules of the denomination provided, in certain contingencies, for the establishment of missionary societies in the several conferences; that the testator, who was accustomed to contribute to the various charities of the denomination, did not know the name of the petitioner, nor of its existence, although he knew that the money collected for missions in the church in his town was sent to and managed and expended by an organization in New York, acting in the interest of the denomination. *Held*, assuming that the word "case" meant "cause," and that the devise was valid, that it did not appear that the petitioner was the devisee; and that the petition must be dismissed.

APPEAL by the heirs at law of George Chapman from a decree of the Probate Court appointing commissioners, on the petition of the Missionary Society of the Methodist Episcopal Church, to make partition of two parcels of land in Shelburne. The petition set forth that the petitioner and the respondents held the land as tenants in common, set forth their respective shares, and alleged that they were not in dispute nor uncertain At the hearing before *Soule*, J., the following facts appeared:

The will of George Chapman, dated July 13, 1855, after certain specific bequests, contained the following clause: "I also give and bequeath to the children of my son G. L. Chapman, if he has any, after his decease, two fifths of what shall be left at his decease for their own use when they become of age; and the remainder, one half to the Missionary case of M. E. Church, the other half to the Trustees of Methodist Theological Seminary established at Concord in the State of New Hampshire for the purpose of educating poor young men preparing to preach the doctrine of the M. E. Church." The petitioner, a corporation, incorporated in 1839, under the laws of the State of New York,

claimed to take an interest in the two parcels of land, under the devise " to the Missionary case of the M. E. Church."

The testator was an active member of the Methodist Episcopal Church at Shelburne Falls, and contributed to its support. During his life, there was no incorporated missionary society in that denomination in New England, nor any organization of any kind which took charge of and managed the missionary work of the denomination, although the rules of the denomination provided, in certain contingencies, for the establishment of missionary societies in the several conferences. It was the custom of the church at Shelburne Falls, during the life of the testator, to make collections of money from its members for the support of the local church, and for the missions of the denomination, for educational purposes, for the Tract Society, and for the Sunday School Union. The money thus collected for missions was sent to the petitioner, as required by the rules of the denomination. The testator was accustomed to contribute to the various charities which the denomination supported. It did not appear that the testator knew the name of the petitioner, nor of its existence; but the judge found, as a fact, that the testator knew that the money collected for missions was sent to and managed and expended by an organization acting in the interest of the Methodist Episcopal Church in the city of New York. The money collected for this purpose was frequently spoken of, in the church at Shelburne Falls, as collected for " missions," or for the " missionary cause."

The judge, at the request of both parties, reported the case for the consideration of the full court. If the petitioner took an interest in the real estate under the will, and was entitled to partition, the decree of the Probate Court was to be affirmed; otherwise, the decree was to be reversed, and the petition dismissed.

*J. A. Aiken*, for the appellants.

*S. T. Field*, for the appellee.

SOULE, J. The language of the devise under which the petitioner claims is peculiar, and not perfectly clear. It is susceptible of two interpretations. The word " case," in the phrase " to the Missionary case of the M. E. Church," may be regarded as meaning " box," in the sense of fund. In the absence, however, of evidence of any use of the term in that sense by the members

of the church with which the testator was connected, or by him at any other time, we do not think it probable that he so used it in his will. But we think it more probable that the word "case" is merely a misspelling of the word "cause;" and this impression is strengthened by the fact, which appears in the report, that in the church at Shelburne Falls of which the testator was a member, money collected for missions was frequently spoken of as collected for the missionary cause. Assuming, then, that the devise is "to the missionary cause of the Methodist Episcopal Church," the object for which it is given is of suitable character and described with sufficient definiteness to make a valid devise for charitable purposes. The doctrine which controls this part of the case has been frequently considered by this court, and is fully discussed and carefully stated in *Jackson* v. *Phillips*, 14 Allen, 539; and the authorities are there collected and commented on.

It does not necessarily follow, however, from the fact that the devise is a valid one, that the petitioner is entitled to partition, as the devisee. It appears that the petitioner is a corporation by charter from the Legislature of the State of New York, and that, by the rules of the Methodist Episcopal Church, all money collected for missions was required to be sent to the petitioner, and that there was no incorporated society, nor organization of any kind, in New England, which took charge of the missionary work of the denomination, although the rules of the denomination provided for the establishment of such societies, in certain contingencies, in the several conferences.

On the other hand, it does not appear that the testator knew the name of the petitioner, nor of its existence, though he knew that the money collected for missions in the church at Shelburne Falls was sent to and managed and expended by an organization acting in the interest of the Methodist Episcopal Church in the city of New York.

On these facts, and with the interpretation which we put upon the language of the will, we cannot see that the petitioner took as devisee. There is nothing in the language of the will which points directly to the petitioner; its name is not mentioned, either in whole or in part. The facts above recited would be of importance in determining, in a suit in equity, what corporation

or person should have the management of the trust estate, but they fail to be of any assistance in favor of the petitioner's assumption that it is the devisee. This is of little or no importance to the charity intended to be benefited, because the want of a trustee named in the devise will not work a failure of the devise. It is well settled that, when land is devised for a public charity, and no trustee is named, the heir takes in trust for the charity, or a court of equity will appoint a trustee to hold the estate for the purposes for which it was devised. *Bartlett* v. *Nye*, 4 Met. 378. *Washburn* v. *Sewall*, 9 Met. 280. *North Adams Universalist Society* v. *Fitch*, 8 Gray, 421. *Winslow* v. *Cummings*, 3 Cush. 358. *Brown* v. *Kelsey*, 2 Cush. 243.

The facts in the case at bar are less strong in favor of the position that the petitioner took as devisee, than they were in favor of the American Bible Society as legatee, in the case of *Bliss* v. *American Bible Society*, 2 Allen, 334. In that case, the legacy was to the Bible Society of the Methodist Episcopal Church, and it appeared that the organization of that name was dissolved many years before the will was made; and that for ten years before the will was made the Methodist churches had united with the American Bible Society in carrying forward its objects, and that contributions were thenceforward made in the Methodist Episcopal churches throughout New England, from year to year, in aid of the American Bible Society, and among others in the Methodist Episcopal Church of Wilbraham, of which the testator was a member, and, for more than ten years, members of the Methodist Episcopal Church had been members of the Board of Managers of the American Bible Society, and held office therein. It was contended that the American Bible Society might be properly regarded, under these circumstances, as the Bible Society of the Methodist Episcopal Church; but it was held that the designation of that organization, though it had ceased to exist, was too exact and express to create any ambiguity; especially as there was no evidence that the testator knew of its dissolution. The court, therefore, appointed a trustee to receive the legacy and expend it according to the charitable intent of the donor. In the case at bar, the devise is not to an organization which had ceased to exist, but is a devise for a charitable purpose, with no trustee named. This being so, the

petitioner has no right to partition of the lands described in its petition.

The questions who is to manage the trust, and whether the charitable purposes of the testator shall be effected through the instrumentality of the petitioner, can be settled only in proceedings on the equity side of the court.

The view which we have taken of the matters already considered renders it unnecessary to indicate any opinion on the other questions which were argued by counsel.

*Decree of Probate Court reversed, and petition dismissed.*