[No. 6,903.—Department Two.]
March 28, 1882.

## ESTATE OF R. K. EASTMAN.

BEQUEST TO RELIGIOUS CORPORATION.—Bequest of two thousand dollars "to the Wardens and Vestrymen of St. John's Episcopal Church of Stockton, for the purpose of purchasing a chime of nine bells, for the benefit of the Church." St. John's Episcopal Church of Stockton was a corporation duly organized for religious purposes under the Act of April 22, 1850, entitled "An Act concerning corporations."
    *Held:* Under the provisions of the Act the corporation is expressly authorized to take by will.
ID.—STATUTES CONTINUED IN FORCE BY CODES.—By § 288 C. C. the provisions of the Act of April 22, 1850, were continued in force as to corporations created under them.

APPEAL by the wardens and vestrymen of St. John's Episcopal Church from a judgment of the Probate Court of the County of San Joaquin. BUCKLEY, J.

*W. L. Dudley* and *J. B. Hall*, for the Appellant.

Has the church the legal capacity to take this bequest? (Act concerning Corporations of April 22, 1850, §§ 1, 178, 181–2; Hittell's General Laws, paragraphs 746, 1027, 1030, 1031.) The record affirmatively shows, that the church has not voluntarily thrown off or surrendered this power; for, it appears by the record, that the existence of the corporation is continued, not under the provisions of Part iv. of Division First of the Civil Code, §§ 287, 288, but under the provisions of the creative organic Act of April 22, 1850. (*Reclamation District* v. *Kennedy*, 58 Cal. 124.)

Of these powers and privileges is one empowering the appellant to receive "real or personal estate, and whether given,

granted or devised;" and this right remains with the appellant unless taken from it by Section 1275 of the Civil Code. This section does not purport to alter or amend the Act of April 22, 1850—the appellant's incorporating Act. The appellant's right to take as a devisee—plainly expressed in the incorporating statute of 1850—is studiously saved by the very section (1275, Civ. Code,) by which, it is claimed, the right has been destroyed. The saving clause follows the words of a similar provision in the Statute of Wills as found in the revised statutes of New York. (*White* v. *Howard*, 46 N. Y. 144, 163–5; Estate of Hinckley, 58 Cal. 457; *Bascom* v. *Albertson*, 34 N. Y. 599.)

*Terry & McKinne*, for Respondents.

No brief on file for Respondents.

THORNTON, J.:

This case involves the validity of a bequest made by the last will and testament of R. K. Eastman, deceased, of two thousand dollars, "to the Wardens and Vestrymen of St. John's Episcopal Church of Stockton, for the purpose of purchasing a chime of nine bells, for the benefit of the church."

This bequest was on the final distribution of the estate assailed by the heirs-at-law of the testator, on the ground that the St. John's Episcopal Church, for whose benefit this bequest was made, was not competent to take, and the bequest was therefore void.

To sustain this ground, reference is made to Section 1275 of the Civil Code, which is in these words: "A testamentary disposition may be made to any person capable by law of taking the property so disposed of, except corporations other than those formed for scientific, literary, or solely educational purposes, can not take, under a will, unless expressly authorized by statute."

It appears from the record that St. John's Episcopal Church of Stockton, was a corporation duly organized and incorporated under the Act of the Legislature of the State of Cali-

fornia, entitled, "An Act concerning corporations," passed April 22, 1850, and the several Acts amendatory thereof and supplementary thereto, for religious, and not for either scientific, literary, or solely educational purposes, and that said church continued still to be a corporation when the proceeding above referred to was commenced.

That this corporation is expressly authorized by statute to take by will is evident from subdivision 4 of Section 1 of the Act of twenty-second of April, 1850, and Sections 178, 181 and 182 of same Act.    (See Hittell's General Laws, paragraphs 746, 1027, 1030 and 1031.)

It may be urged that the sections of the Act of April 22, 1850, referred to, do not now exist.    In our judgment these laws as applying to corporations which were formed and existed under them, of which the St. John's Episcopal Church of Stockton is one, were continued in force as to such corporate bodies, by Section 288 of the Civil Code.    The repeal effected by this section only related to corporations formed after the Civil Code went into effect.

The bequest is in accord with and to carry out the objects of the corporation.

It follows from the above that the Court below erred in holding this bequest void and in distributing the estate in disregard of it.    The decree of the Court is therefore reversed, and the cause is remanded with directions to the Court below to modify its decree so as to make it conform to the views herein expressed.

MORRISON, C. J., and ROSS. SHARPSTEIN, McKINSTRY, and McKEE, JJ., concurred.

MYRICK, J., dissented.