### ESTATE OF ALMIRA GIBSON, DECEASED.

[No. 3,211; decided November 2, 1885.]

**Charitable Bequest—Necessity of Naming Corporation.**—A charitable institution which is made a residuary legatee need not be designated in the will by its corporate name.

**Charitable Bequest—Evidence to Identify Beneficiary.**—If either from the will itself or from extrinsic evidence the object of a charitable bequest can be ascertained, the court will not invalidate the gift or defeat the donor's intention.

**Charitable Bequest—Ascertainment of Beneficiary.**—A residuary bequest to "The Old Ladies' Home, at present near Rincon Hill, at St. Mary's Hospital," is held to have been intended for the "Sisters of Mercy," a corporation embracing, as part of its charitable design, the "Old Ladies' Home."

**Executor—Compensation Fixed by Will.**—When an estate is solvent, the compensation of the executor, fixed by the will in lieu of statutory commissions, should be paid as "expenses of administration."

**Charitable Bequests, so Far as They Exceed One-third** the distributable estate, are void.

John M. Burnett, for the applicant.

W. S. Goodfellow, for the opposing heirs.

Selden S. Wright, for absent heirs.

COFFEY, J.   The provision of the will under discussion here is in these terms:

"Twelfth.—I give and devise the remainder of all my estate, after the above legacies have been paid, to the Old Ladies' Home, at present near Rincon Hill, at St. Mary's Hospital."

The "Sisters of Mercy" claims this bequest, alleging that it is an incorporation incorporated March 7, 1868, under the laws of California, and that it has since continued to exist under the laws then in force, having its principal place of business in San Francisco; that among its objects is the care of sick, unprotected and needy persons, and that to carry out said object the corporation, prior to January 1, 1878, organized and instituted the Old Ladies' Home, mentioned and described in the provision herein quoted from the will of Almira Gibson; that the said Old Ladies' Home is and has been conducted by the Sisters of Mercy, corporation, as part of its work, and as one of the means to carry out its object, and that it is carried on and conducted in the building belonging to said corporation; and that the bequest in said will to the "Old Ladies' Home" was intended to go to the corporation for the benefit of said part of its work, namely, the Old Ladies' Home. To this claim the heirs at law respond that the legatee has no legal capacity to take, and that they are entitled to the residue of the estate. The heirs contend that the bequest is direct, not in trust nor for the use of anybody, but it is a direct bequest to an institution, the "Old Ladies' Home," having no capacity to take, nor being a corporation or society, but simply an institution under the charge of the Sisters of Mercy, the petitioners, who are not named in the will.

The will is olographic, and is a careful composition, leaving little or no need of interpretation or construction apart from the provision under review. It remains to be seen whether that provision inadequately describes the object of testator's bounty, or is so expressed as to bar the petitioner corporation from claiming it as the proper channel of bestowing the benefaction on "The Old Ladies' Home." The bequest is in accord with and to carry out the objects of the corporation petitioning here, which had the capacity to take under the law: Estate of Eastman, 60 Cal. 310. So long

as the testator sufficiently indicates the institution or individual intended, that intention should be executed: Jackson v. Phillips, 14 Allen, 539. A charitable institution need not be named by its corporate name: Power v. Cassidy, 79 N. Y. 610, 35 Am. Rep. 550; St. Luke's Home v. Association etc., 52 N. Y. 191, 11 Am. Rep. 897; 2 Redfield on Wills *515, *516.

The intent and purpose of the donor should be accomplished. Of the intention of the testator to make the claimant the object of her bounty, and to contribute of her substance to the charity administered by said "Sisters of Mercy" corporation, there can be no doubt upon the evidence. If either from the will itself or from extrinsic evidence the object of her bounty can be ascertained, the court will not invalidate the provision or defeat the intention of the testatrix. The institution here was described with entire accuracy, and the evidence is conclusive that the testatrix knew that the only conduit of her charity was the corporation claimant. In the N. Y. Inst. for the Blind v. How's Exrs., Denio, J., expressed himself substantially to this effect, remarking also that he did not think it necessary to go over the cases to show how considerable an error might be overlooked or reconciled: "There is much solemn trifling in the old books upon this question": 10 N. Y. 88. I think the case of Lefevre v. Lefevre, 59 N. Y. 434, sustains this view, and I do not consider the Missionary Soc. v. Chapman, 128 Mass. 265, as authority against the petitioner, since it is shown here that the "Old Ladies' Home" is an existing institution forming part of the work of the "Sisters of Mercy" corporation, and one of the means of carrying out its charitable designs, conducted in the building designated in the will, which is part of the premises belonging to petitioner, and that the testatrix intended her bequest to go to said corporation for the benefit of said part of its work, namely, the "Old Ladies' Home."

The conclusion reached as to this point is that the petition of the "Sisters of Mercy" corporation be granted.

2. As to executors' compensation. When the estate is solvent, as in this case, the compensation fixed by the will,

in lieu of statutory commissions, should be paid as "expenses of administration."

3. So far as the charitable bequests exceed one-third of the distributable estate, they must be adjudged void; the bequests in items "Fourth" and "Twelfth" are in favor of charitable institutions.

Subject to the views hereinabove expressed the petition for distribution is granted.

----

The Principal Case was Affirmed by the supreme court of California in 75 Cal. 329, 17 Pac. 438. For a discussion of the certainty and unity required in the creation of charitable trusts, see the note in 64 Am. St. Rep. 756-772. It is well-understood that a degree of vagueness is allowable in charitable bequests: Snider v. Snider, 70 S. C. 555, 106 Am. St. Rep. 754, 50 S. E. 504; Kemmerer v. Kemmerer, 233 Ill. 627, 121 Am. St. Rep. 600, 84 N. E. 256. A consideration of what are charitable uses or trusts will be found in the note in 63 Am. St. Rep. 248.