# TOWN OF SOUTH KINGSTOWN *vs.* WAKEFIELD TRUST COMPANY *et al.*

## OCTOBER 27, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Charitable Trusts.  School Districts.*

X. conveyed a lot of land to School District No. 6 of the town of South Kingstown, the sole consideration being the grantor's "desire to aid and assist in diffusing the benefits of a good common school education among the inhabitants" of said District.

The deed further recited that the lot was granted to the District "for the purpose of maintaining thereon a district school house . . . for the benefit of the district school of said district, and for no other use or purpose whatever".

For many years the school district maintained a school upon the lot but in 1902 in conformity with the statutes, the town abolished the district system, and adopted the town system of schools, and by force of the statute title to all school property became vested in the town.

The town continued to maintain a school upon the lot until owing to changed conditions in the former district it became necessary for the town to build a new school building upon a different lot.

The new school has since been maintained by the town for the purpose of giving to the inhabitants of the former district a good common school education.

Upon the question of title to the lot deeded by X.:—

*Held,* that by force of the statute under which the school system was changed, the town acquired no greater title to the lot than that possessed by the district.

*Held,* further, that the gift by X. was one for a public charitable use and the district received the gift in trust to carry out the intent of donor, and the town as successor to the district held the land impressed with the same trust.

*Held,* further, that while the town did not have a marketable title in the property it might sell it if so empowered by the court in an appropriate proceeding; and as the purpose of the donor had not failed and the object of the trust was still existent, but by reason of the situation of the property the tract no longer furnished a suitable location for a school, such circumstances called for the exercise of the ordinary jurisdiction of the court over the administration of trusts.

*Held,* further, that it would be within the jurisdiction of the court if satisfied that the tract could no longer be used to carry out the purpose of donor, to permit a sale of the property, without condition, at an adequate price, and then to direct the trustee as to the administration of the capital of the trust in its changed form to effectuate the purpose of the donor.

*(2)   Gifts. ˙ Charitable Trusts.*

A gift although absolute in form, will be held to be upon a charitable trust, if such appears to have been the donor's intention.

BILL IN EQUITY.   Certified upon question of doubt and importance.

. SWEETLAND, C. J.   The above entitled cause is a bill in equity praying that the respondent Trust Company may be compelled specifically to perform its agreement to purchase a certain lot of land of which, it is alleged, the complainant is seized in fee simple.   The Attorney-General, representing the State of Rhode Island, has been joined as a party respondent.

It is alleged in the bill and appears in the copy of a deed made a part thereof that in 1847 said lot of land was conveyed by Elisha Watson to School District No. 6 of the town of South Kingstown.   The sole consideration named in the deed was the grantor's "desire to aid and assist in diffusing the benefits of a good common school education among the inhabitants of School District No. 6 in the town of South Kingstown," and it is further recited in the deed that the lot was given and granted to "said school district for the' purpose of maintaining thereon a district school house and its appurtenances for the benefit of the district school of said district and for no other use or purpose whatever."   It is further alleged in said bill as follows:   School District No. 6 embraced the village of Wakefield in the town of South Kingstown.   From the date of the conveyance by Watson down to the year 1902 School District No. 6 maintained a good common school upon said lot.   In 1902, in conformity with the statutes, the town of South Kingstown, abolished the district system and adopted the town system of common public schools, and thereupon by force of the statute the title to all school properties in the town became vested in the complainant.   The complainant continued to maintain a good common public school upon said lot until 1908, when by reason of changed conditions in the village of Wakefield

it became desirable and necessary for the town to build a new school building upon a different lot of land. The new school thus erected has since been maintained by the town for the purpose of giving to the inhabitants of Wakefield and what was formerly School District No. 6 a good common school education. Thereafter the complainant has remained in possession of the lot in question in this suit. Before the filing of this bill the respondent Trust Company entered into an agreement with the complainant to purchase said lot, but now refuses to perform its agreement on the ground that the complainant can not give a marketable title to the property. Thereupon the complainant began this suit to compel specific performance of said agreement.

When in the Superior Court the cause was ready for hearing for final decree certain questions of law arose which have been certified to this court as of such doubt and importance as to require our determination before further proceedings are had in the Superior Court. The questions are as follows:

"1. Did the Town of South Kingstown acquire under the deed from Elisha Watson a fee simple absolute in and to the property described in the bill of complaint?

"2. Did the proceedings taken in the Superior Court in the case entitled 'Town of South Kingstown vs. William B. Greenough, Attorney-General,' which proceedings are set out in the record in this case, affect or limit the fee of the Town of South Kingstown in and to said property?

"3. Has the Town of South Kingstown a marketable title in and to the property described in the bill of complaint?"

It should be said at the outset that by force of the statute, under which the school system of the complainant was changed, the complainant acquired no greater title to the tract in question than that possessed by School District No. 6.

In answer to the first question certified we say that under the deed from Elisha Watson the school district did not acquire a fee simple absolute in and to the tract of land in

question, nor did the district have a determinable or qualified fee in the land, with the right of reverter and of reentry remaining in the donor and his heirs, to be exercised in the event that the land shall cease to be used for the purpose specified in the deed.

The gift of Watson was for the purpose of promoting free public school education among the inhabitants of School District No. 6 and he plainly intended that his benefaction should continue to be employed in aid of that purpose. Such a gift is one for a public charitable use highly favored in law and, when possible, supported by the courts. The school district received the gift in trust to carry out the charitable intent of the donor. The town, as successor to the district, now holds the land impressed with the same trust. The omission of the words "trust" and "trustee" is of little consequence, as the intent is clear that the school district should receive and hold the gift for the public use specified in the deed. This court has held a gift, though absolute in form, to be upon a charitable trust if, as in this case, such appears to have been the donor's intention. *Guild* v. *Allen*, 28 R. I. 430, at 435, with reference to "the legacy given by the fourth paragraph of the will" under consideration in that case; *Tillinghast* v. *Council at Narragansett Pier*, 47 R. I. 406; *City of Providence* v. *Payne*, 47 R. I. 444; see also *Washburn* v. *Sewall*, 9 Metc. 280; *Missionary Society* v. *Chapman*, 128 Mass. 265; *While* v. *Mayor of Newark*, 89 N. J. Eq. 5.

As to the second question certified no answer is necessary in view of our answer to the first question that under the deed from Elisha Watson the town has not a fee simple absolute or a qualified fee in the tract of land in question but holds that property upon a public trust. The parties and the Superior Court, however, appear to be in doubt as to the effect of the decree entered by the Superior Court in the proceedings referred to in the second question, and we will pass upon the matter involved in the question. A copy of those proceedings are part of the record before us. The

suit purports to be a bill in equity and is of an anomalous character. We are somewhat in doubt as to whether the bill should be regarded as one asking for the construction of the trust deed from Watson and for instructions with reference thereto or as one in the nature of a petition of the trustee for instructions as to the administration of the trust. In either case, however, the decree is without effect upon the parties to this suit. If those proceedings be regarded as a petition for instructions as to the administration of the trust property the decree should now be vacated as it has never been acted upon by the trustee and the circumstances have so changed that a compliance with the instruction contained in the decree is clearly undesirable now, if at any time such instructions were practicable. The fact that a court of equity has in a decree given instructions to a trustee as to the administration of a trust does not prevent that court from subsequently vacating such decree, if the same has not been acted upon, and entering a new decree giving further and different instructions. We think however that the proceedings named in the question should be taken as a bill seeking a construction of the trust deed, and that the decree therein was entered by the Superior Court without jurisdiction. At the time of filing that proceeding the statute required that when in the Superior Court a bill for the construction of a will or trust deed was ready for hearing for final decree it should be the duty of that court to certify the cause to this court for determination, and this court after determination should if practicable fix the form of final decree to be entered in the Superior Court. Court and Practice Act of 1905, secs. 338 and 336, now secs. 35 and 33, Chap. 339, Gen. Laws 1923. In the proceedings in question the Superior Court without certification to this court entered the decree in question. The complainant in the case at bar should apply to the Superior Court for the vacation of that decree and also for permission to discontinue the bill in equity in which it was entered, as the bill was clearly ill conceived when filed and its further pendency can serve no useful purpose.

In view of our answer to the first question we will say in answer to the third that the Town of South Kingstown has not a marketable title to the property described in the bill. It may, however, sell the property if so empowered by the Superior Court in an appropriate proceeding. The complainant is required to administer the charitable trust created by the gift under the supervision of the court in equity. The purpose of the donor has not failed. The object of the charitable use is still existent. By reason of the growth of the village of Wakefield, the situation of the trust property upon the principal business street of the village, and the dangerous condition of vehicular traffic upon that street, the tract may no longer furnish a suitable location for a public school. The circumstances of the case do not call for the application of the *cy pres* doctrine, but merely for the exercise of the ordinary jurisdiction of the Superior Court, sitting in equity, over the administration of trusts. It is as if the State in the exercise of the power of eminent domain had taken the property in question for some public purpose. The purpose of the charitable trust would not thereby fail but the compensation received for the land taken could still be administered under the supervision of the court to carry out the charitable intention of the donor. If, as the complainant claims, the tract of land can no longer be advantageously used to carry out the charitable purpose of the donor it would be within the jurisdiction of the Superior Court, if satisfied of the force of the complainant's contention, to permit a sale of the property, without any condition or restriction which would hamper its sale at an adequate price, and then to direct the trustee as to the administration of the capital of the trust in its changed form to effectuate the charitable purpose of the donor set out in his deed to School District No. 6.

The papers in the case certified to us are ordered sent back to the Superior Court with the decision contained in this opinion certified thereon.

*Benjamin W. Case*, for complainant.

*Percy W. Gardner*, for respondents.