S. Samuel Di Falco, S.
The executors and trustees seek a construction of paragraph sixth, subparagraphs (1) and (2), and paragraph ninth of testator’s will, and a determination that they have no power or authority which is not permitted by subdivision (e) of section 508 of the Internal Revenue Code of 1954 to an organization exempt from income tax under section 501 of said Internal Revenue Code; and that the trustees shall be deemed specifically restricted from doing any acts in violation of subdivision (d) of section 4941, section 4942, subdivision (c) of section 4943, section 4944 and subdivision (d) of section 4945 of said Internal Revenue Code or corresponding provisions of any subsequent Federal tax laws.
Decedent died on April 25, 1970. His will dated February 5, 1970 was admitted to probate on June 1, 1970 and letters testamentary issued. In paragraph fifth of his will testator created a martial deduction trust for the benefit of his wife, Rose. If she fails to exercise the power of appointment in whole or in part, then such principal of the trust affected shall become part of the residuary estate.
In paragraph sixth testator created a trust of the residue of his estate to accumulate the income and to pay to his surviving spouse 5% of the initial net fair market value of the principal annually. Upon her death, he made 33 bequests of fixed amounts totaling $1,097,000 to various individuals. He directed that the balance thereof be held in trust to be known as ‘ ‘ the louis and boss klosk tbust ’ ’, hereafter referred to as the 1 ‘ Trust ’ ’. His trustees are to select the charitable or educational institutions to which the income and such portion or all of the principal in their discretion are to be paid. He recommended as a guide to his desires the following organizations: The Students Center of the Hebrew University at Jerusalem, created and supported by the Women’s League for Israel; the Hebrew Home for the Aged and the Hebrew Home and Hospital for the Chronic Sick, Inc., both in the Bronx, New York City. He defines the term “ charitable and educational institutions” as follows: “The term ‘ charitable and educational institutions ’ wherever used in this Will shall mean, and shall be limited to, organizations or institutions of a charitable or educational nature or purpose *1007 which shall at the time be exempt from liability to Federal Estate and income taxation. In determining whether any such organization or institution is so exempt, my Trustees may rely conclusively upon any list of exempt organizations published by or under the authority of the Treasury Department of the United States of America.”
Although testator created a trust, it comes within the purview of section 501 (subd. [c], par. [3]) of the Internal Revenue Code of 1954 and was intended to qualify as an organization described therein which would be exempt from Federal income, gift and estate taxes. Testator set forth the powers to be exercised by his executors and trustees in paragraph ninth of his will. The propounded instrument replaced a will of November 13, 1967 in which the testator, after providing for a marital deduction trust, created a residuary trust with the income payable quarter-annually to his surviving spouse, and upon her death, after certain pecuniary bequests, the balance to be held in a charitable remainder trust. There are internal indications of testator’s intent to make that will satisfy all requirements of the Internal Revenue Code as it then existed. It is also apparent that he intended to make his new will in conformity to the 1969 amendments.
Subdivision (e) of section 508, added to the Internal Revenue Code of 1954 by the Tax Reform Act of 1969 (Public Law 91-172; 83 U. S. Stat. 494 eff. Dec. 31,1969), reads as follows:
“ Governing Instruments.
(1) General rule. A private foundation shall not be exempt from taxation under section 501 (a) unless its governing instrument includes provisions the effects of which are —
(A) to require its income from each taxable year to be distributed at such time and in such manner as not to subject the foundation to tax under section 4942, and
(B) to prohibit the foundation from engaging in any act of self-dealing (as defined in section 4941 (d)), from retaining any excess business holdings (as defined in section 4943 (c)), from making any investments in such manner as to subject the foundation to tax under section 4944, and from making any taxable expenditures (as defined in section 4945 (d)).
(2) Special rules for existing private foundations.
In the case of any organization organized before January 1, 1970, paragraph (1) shall not apply—
(A) to any taxable year beginning before January 1,1972.
(B) to any period after December 31, 1971, during the pendency of any judicial proceeding begun before January 1, 1972, by the private foundation which is necessary to reform, *1008 or to excuse such foundation from compliance with, its governing instrument or any other instrument in order to meet the requirements of paragraph (1), and
(0) to any period after the termination of any judicial proceeding described in subparagraph (B) during which its governing instrument or any other instrument does not permit it to meet the requirements of paragraph (1).”
Petitioners point out that under the Tax Reform Act of 1969 a charitable remainder does not qualify for estate or income tax deduction unless (1) the intervening estate is an “ annuity ” or “ unitrust ”, and (2) the effect of the trust instrument is to prohibit the trustees from exercising specified powers. The decedent’s will was executed on February 5, 1970, only 37 days after the Tax Reform Act of 1969 became effective and before any regulations had been published by the Internal Revenue Service as a guide to will draftsmen. It is evident from the language of the will that testator endeavored to comply with the newly enacted statute in order to insure that the remainder of the residuary trust would in fact qualify for a charitable estate tax deduction. The residuary trust for decedent’s wife, as required by the newly enacted statute, was revamped from an income trust into an annuity trust which tracked the language of the new tax statute. The requirement with regard to the treatment of capital gains dividends declared by investment companies was once again included.
The court holds that the trust provisions in decedent’s will come within the definition of a charitable remainder annuity trust as set "forth in section 1.664-2 of the Treasury Regulations. Indeed there seems to be no real basis for dispute on this matter.
Another section of the newly enacted tax law states that the governing instrument must bar the trustees from engaging in certain prohibitive acts, i.e., (1) engaging in self-dealing as defined in subdivision (d) of section 4941 of the Internal Revenue Code of 1954; (2) retaining any excessive business holdings as defined in subdivision (c) of section 4943 of said code; (3) investing in such manner as to incur tax liability under section 4944 of said code; (4) making any taxable expenditures as defined in subdivision (d) of section 4945 of said code; and (5) requiring the trustees to distribute trust income for each taxable year at such time and in such manner as not to become subject to the tax on undistributed income imposed by section 4942 of said code. Unless the governing instrument contains such restrictions, bequests to such a trust will not qualify for estate tax deductions and the income of the trust will not be exempt from income taxes.
*1009 It appears that the decedent did not include explicit language forbidding his trustees from exercising the ‘ ‘ prohibited powers ”. The failure to include specific language in the will prohibiting the trustees from exercising these powers might result in the loss of the charitable exemption unless the will is construed to prohibit these activities.
The provisions embodied in the Tax Reform Act of 1969 were supported by a study made by the Treasury Department, entitled “ Tax Reform Studies and Proposals ”, dated February 5, 1969. ‘‘ With respect to charitable giftmaking, the general objectives of this study were to preserve and to some extent further stimulate the incentive for charitable giving, while at the same time eliminating schemes of giving where the underlying motive was tax minimization and the corresponding cost to the federal government was deemed unacceptable. The overriding concerns of the study and of most of the people who were to have influence over the Act were fairness to truly charitable-minded taxpayers, preservation of the important sources of revenue for worthy charities, and continued maintenance of the integrity of the United States tax system. ” (39 Fordham L. Rev. 185,187).
Testator’s will specifically prohibits two of the interdicted powers. Paragraph sixth requires the trustees to refrain from taxable expenditures, by the language directing that all donees be organizations or institutions of a charitable or educational nature or purpose which shall at the time be exempt from liability for Federal estate and income taxation (Internal Revenue Code, § 4945). The same paragraph requires the trustees to pay over the income from the trust in annual or more frequent installments (Internal Revenue Code, § 4942). As the Attorney-General states in his argument, the other prohibited powers are forbidden to trustees by the general trust law of this State, and he is under a duty to protect the charitable beneficiaries and enforce compliance with the public policy of this State and of the United States. Moreover, there is an implicit mandate by the testator in his will to administer the trust in a manner in keeping with the purposes declared in his will and the legal authorities of this jurisdiction.
Treasury Decision 7040 adopted on May 8, 1970 states the manner of satisfying the requirements of subdivision (e) of section 508 as follows :
‘ ‘ A private foundation may satisfy the requirements of section 508 (e) if its governing instrument is amended as required by such section. A private foundation’s governing instrument *1010 shall be deemed to have been so amended if valid provisions of State law have been enacted which:
(1) Require it to act or refrain from acting so as not to subject the foundation to the taxes imposed by sections 4941 (relating to taxes on self-dealing), 4942 (relating to taxes on failure to distribute income), 4943 (relating to taxes on excess business holdings), 4944 (relating to taxes on investments which jeopardize charitable purpose), and 4945 (relating to taxable expenditures), or
(2) Treat the required provisions as contained in the foundation’s governing instrument.”
This court has heretofore had occasion to consider the effect of the Tax Reform Act of 1969 insofar as it relates to acts prohibited by sections 4941 to 4945 of the Internal Revenue Code of 1954, in its decision dated March 1, 1971, where we said: “ Nevertheless what is sought in this proceeding is a decree specifically limiting and directing the trustees to act as required by the tax act, because of the belief that the prohibitions and directions must be set forth in the charter of the trust, which, of course, is the will as construed by this court, or as amplified or restricted under the cy pres power. (EPTL 8-1.1, subd. [c]; 3 Scott, Trusts [3d ed.], p. 1967.) ” (Matter of Barkey, 65 Misc 2d 738, 745.)
In order to give effect to the charitable intentions of this testator and to make certain the trust complies with the requirements of said subdivision (e) of section 508, the court directs the trustees to administer the funds now or hereafter in their hands under paragraph sixth of the will pursuant to the following conditions with the same force and effect as if these provisions were explicitly stated therein, and said provisions shall be deemed to be contained in paragraph sixth of the will, anything to the contrary appearing elsewhere in said will notwithstanding. The directions to the trustees are: (a) the trustees shall not engage in any act of self-dealing as defined in subdivision (d) of section 4941 of the Internal Revenue Code of 1954 or in any corresponding provision of any subsequent Federal tax law; (b) the income from the trust for each taxable year shall be distributed at such time and in such manner as not to become subject to the tax on undistributed income imposed by section 4942 of said Internal Revenue Code or any corresponding provision of any subsequent Federal tax law. There is no difficulty in complying with this requirement, for the will explicitly authorizes the trustees to 1 ‘ pay over the said income in annual or more frequent installments, together with such portion or all of the principal thereof, as my Trustees may *1011 determine, to such charitable or educational institutions as my Trustees in their discretion, select.” (c) The trustees shall not retain any excess business holdings as defined in subdivision (c) of section 4943 of said code or corresponding provision of any subsequent Federal tax law; (d) the trustees shall not make any investments in such manner as to incur tax liability under section 4944 of said code or any corresponding provision of any subsequent Federal tax law; and (e) the trustees shall not make any taxable expense as defined in subdivision (d) of section 4945 of said code or any corresponding provision of any subsequent Federal tax law.