Louis D. Laurino, S.
This is an application by the successor trustee for a construction of testator’s will, for the purpose of preserving the tax-exempt status of a trust originally created by will in 1931. The petitioner seeks a construction of the terms of the trust which will allow it to invade the principal of the trust, if required, in order to comply with the minimum distribution requirements of section 508 (subd. [e]) and section 4942 of the Internal Revenue Code (U. S. Code, tit. 26), in spite of a provision in article Fourth of the testator’s will which directs that the “ trust fund shall always remain vested in my said trustees and in their possession and custody and control ”.
Testator died on December 28, 1930. His will dated August 26, 1930 was admitted to probate on December 3, 1931 and letters testamentary were issued on December 4, 1931. In article Fourth, the testator created a charitable trust. Subdivision (1) of article fourth reads as follows: “ fourth; All the rest, residue and remainder of the estate, real, personal or mixed, of which I shall die seized or possessed or to which I shall be in any manner entitled, i give devise and bequeath to my Executors or Executor hereinafter named, in trust as follows:
“ (1) To establish a fund for the relief of destitute women and children, which fund shall be known as the 1 edward and ellen roche relief foundation ’. I direct that said Trustee *482 shall hold, manage, invest and reinvest said fund (edward and ellen roche relief eoundation) , collect the income, rents, issues and profits thereof, and, after paying all proper charges and expenses, devote and pay the income thereof to the relief of destitute women and children in such manner and in such amounts as my said Trustees shall, in their uncontrolled discretion, at any time and from time to time deem advisable or direct, with full power to my said Trustees to pay any part of such income to any institutions, having as their object and work the relief of destitute women and children and not operating for a profit, or to form a corporation or found an institution or institutions to carry on such work directly or indirectly but always without profit.
“ Said Trustees shall further, in their uncontrolled discretion, have power to provide for the carrying on in perpetuity of such work of relief of destitute women and children in such manner as shall be authorized by law, including power of incorporating or procuring the incorporation of a Foundation, Corporation or Society with such By-Laws and with such provisions for the election or appointment of directors and trustees as said Trustees may deem advisable, and with full power to transfer all or any part of the income of such trust fund to such corporation, institution or society.
“ All provisions'and plans made by said Trustees for the carrying on of such work of relief shall be binding upon and carried out by, their successor. The principal of said trust fund shall always remain vested in my paid trustees and in their possession and custody and control.” (Emphasis added.)
There is no dispute that it was decedent’s intention to create a charitable trust entitled to exemption from taxation under the Revenue Act in effect in 1930, when he died. (Now U. S. Code, tit. 26, § 501, subd. [c], par. [3].)
The pertinent part of subdivision (e) of section 508 of the code reads as follows: ‘ ‘ Governing instruments. ’ ’
“(1) General rule. A private foundation shall not be exempt from taxation under section 501 (a) unless its governing instrument includes provisions the effects of which are —
“ (A) to require its income for each taxable year to be distributed at such time and in such manner as not to subject the foundation to tax under section 4942 ’ ’
Section 4942 of the code requires annual minimum distributions in order for the trust to maintain its tax exemption. The issue presented here is whether under the terms of the will, more specifically the last sentence of article fourth, the trus *483 tee may make distribution of principal when the income of the trust is not sufficient to meet the annual minimum distribution requirements of the code. The annual income return on the corpus of the trust for the years .1970 and 1971 was 4.5%. Section 4942 requires a distribution in excess of that percentage.
Although there have been prior decisions of another court construing certain testamentary trusts so as to give effect to the charitable intention of the testators ■ and to make certain the trusts comply with the requirements of section 508 of the Internal Revenue Code (see Matter of Barkey, 65 Misc 2d 738; Matter of Klosk, 65 Misc 2d 1005), this appears to be the first case requiring an additional determination as to the effect of the recently enacted EPTL 8-1.8 which provides: 1 ‘ 8-1.8 Private foundations: administration of certain trusts as defined in the United States internal revenue code of 1954'
“ (a) For purposes of this section, a 1 trust ’ means a private foundation as defined in section 509 of the United States internal revenue code of 1954 (‘ code ’) including a private foundation charitable trust as defined in section 4947 (a) (1) of the code, or a split-interest trust as defined in section 4947 (a) (2) of the code, whether heretofore or hereafter created which is administered by a trustee described in subparagraph (a) (1) of section 8-1.4. The administration of a trust, as herein defined, is subject to the following provisions:
“ (1) The trust shall distribute such amounts for each taxable year at such time and in such manner as not to subject the trust to tax on undistributed income under section 4942 of the code * * *
1 ‘ Except as provided in paragraph (b), this paragraph applies notwithstanding any provision of the governing instrument of a trust.
“ (h) Paragraph (a) shall not apply with respect to assets transferred in trust prior to the effective date of this section to the extent that it conflicts with any mandatory direction in the governing instrument of the trust unless such conflicting direction is removed as impracticable under this article or in any other manner provided by law. The absence of a specific provision in the governing instrument of the trust for the current use of the principal of the fund, or the presence in such an instrument of a provision, as to the principal of a fund, limited to the principal’s being held, invested and reinvested, is not such a conflicting mandatory direction ”.
The enactment of EPTL 8-1.8 is, in effect, a legislative attempt to incorporate within the statutes the principles and *484 public policies set forth in Matter of Barkey (65 Misc 2d 738, supra) and Matter of Klosk (65 Misc 2d 1005, supra), by bringing the governing instruments of private foundation charitable trusts, as defined by the Internal Revenue Code, into conformance with the requirements of section 508 (subd. [e]) of the code, for Federal tax purposes.
The problem facing the court in this case is the question of whether the last sentence of subdivision (1) of article fourth is a “ conflicting mandatory direction ” as set forth in EPTL 8-1.8 (subd. [b]), so as to make EPTL 8-1.8 (subd. [a]) inapplicable to this trust. Both petitioner and the respondent Attorney-General contend that the phrase in question, “ The principal of said trust fund shall always remain vested in any said trustees and in their sole possession and custody and control ’ ’, is not a ‘ ‘ mandatory direction ’ ’ against the use of principal for any purpose. The court agreqs, since such a construction would be contrary to the purposes of the testator in setting up this trust.
Within the context of this instrument, said phrase is not so much a mandatory direction to the trustees as it is an extended expression of the testator’s charitable intention. To isolate this clause and construe it as prohibitive of the remedial use of EPTL 8-1.8 would, in effect, be defeating the charitable intention.
Accordingly, the court holds that EPTL 8-1.8 (subd [a]) is applicable to the trust herein, and the trustee shall administer the trust in conformance with said section, including the making of such distributions of principal as are required to comply with EPTL 8-1.8 (subd. [a], par. [1]) and section 4942 of the Internal Revenue Code. This holding negates the need for the court to consider the alternative relief requested by the Attorney-General, as provided for in EPTL 8-1.8 (subd. [b]): the removal of a conflicting direction as being impracticable.