MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION and First National Bank of Joplin, Co-Trustees under the Last Will and Testament of Corry T. Meeker, Deceased, Plaintiff-Respondents,

v.

SHRINERS' HOSPITAL FOR CRIPPLED CHILDREN, Defendant-Appellant,

and

The Missouri Society for Crippled Children, Incorporated, Defendant-Cross Appellant,

and

John C. Danforth, Attorney General of the State of Missouri, Defendant.

Nos. 37437, 37436.

Missouri Court of Appeals, St. Louis District, Division Four.

April 19, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

Application to Transfer Denied July 11, 1977.

Herbert W. Ziercher, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for appellant.

Thompson & Mitchell, David F. Ulmer, St. Louis, Spencer Scott & Dwyer, John W. Scott and Frederick H. Laas, Joplin, for respondents.

Wilder Lucas, Lucas & Murphy, St. Louis, for cross appellant.

John C. Danforth, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for defendant.

ALDEN A. STOCKARD, Special Judge.

By his will, Corry T. Meeker, who died in 1950, created a trust in which he provided for the payment of annuities to certain of his relatives during their life, all of whom are now deceased, and that the remaining income be applied and distributed, pursuant to Article XVII, Paragraph Seventh, as follows:

(a) Twenty-five per cent (25%) thereof shall be retained by my trustees and added to the principal of the trust, and

invested and reinvested under the powers herein given.

(b) The remaining seventy-five per cent (75%) thereof shall be paid by my trustees, in equal shares, to the Shriners' Hospital, for Crippled Children, a corporation, absolutely to be used exclusively for the benefit of the Hospital located in the City of St. Louis, Missouri, owned, operated and maintained by said corporation, and the Missouri Society for the Crippled Children, Incorporated, located at 3713 Washington Boulevard, St. Louis, Missouri, to be used by said Hospital and said Society to provide perpetually for free medical treatment and maintenance and support, during treatment, of poor children, without consideration of nationality or religion; provided, however, that said charitable institutions shall, at least annually, render to the trustees a report showing the disposition and use of any sums paid to the institutions for the preceding year.

The will does not contain a limit on the size of the corpus that may be accumulated or the time accumulations may be made.

As part of the Tax Reform Act of 1969, the United States Congress enacted § 4942 of the Internal Revenue Code, which provides that a trust within the definition of a "private foundation," which includes the Meeker Trust, must, in order to avoid an excise tax, distribute to its charitable beneficiaries its "undistributed income," as that term is defined. Two excise taxes are imposed by § 4942 on undistributed income of a private foundation. We need not detail the provisions for the taxes, but one tax is 15% of the undistributed income, and the other is 100%.[1]

A transitional rule applies to charitable trusts organized prior to May 27, 1969. It provides, in substance, that if such a trust is declared by a court of competent jurisdiction to have a provision for mandatory accumulation of income, the income accumu-

lated pursuant thereto will be considered as though it were distributed to the charitable beneficiaries for the purpose of determining whether the excise tax on undistributed income is applicable. Accordingly, if in any year the income distributed to charitable beneficiaries plus the amount of income accumulated pursuant to a mandatory provision equals the amount of the required income distribution, no excise tax on "undistributed income" will be owing. But, if the total of such distributed income plus the required accumulated income in any year does not equal the required income distribution, the difference will be considered "undistributed income," and an excise tax on such income will be owing for that year unless an encroachment is made on the corpus in an amount equal to such difference and distributed to the charitable beneficiaries.

The Meeker will does not confer on the trustees the power to encroach on the corpus to make such distribution.

The Trustees of the Meeker Trust, respondents herein, filed a petition for a declaratory judgment that (1) the provision in the will requiring that 25% of the net income of the Trust Estate be accumulated annually is a mandatory provision and may not be excused; (2) the Trustees are to continue to accumulate income pursuant to the terms of the trust instrument; and (3) to the extent necessary in order to avoid an excise tax pursuant to § 4942(a), supra, for any year, the terms of the trust be modified to authorize the Trustee to encroach upon the corpus of the trust and distribute to the beneficiaries such amounts as might be required to avoid the imposition of the excise tax.

Appellant Shriners' Hospital for Crippled Children (hereafter referred to as "Shriners") filed an answer in which it sought to have the Trial Court declare that the provision in the will providing that 25% of the income each year be added to the corpus of the trust is void *ab initio,* and to order the

---

1. A more detailed explanation of the tax imposed by said § 4942 may be found in *MacCur-* *dy-Salisbury Educational Fund v. Killian,* 30 Conn.Sup. 203, 309 A.2d 11 (1973).

Trustees to pay to the charitable beneficiaries the total net annual income of the trust accumulated since the death of the testator.

By its answer, The Missouri Society for Crippled Children, Inc., (hereafter referred to as "Missouri Society") joined in respondent's request. It alleged that the provision in the will for accumulation of income is valid and mandatory, and that Shriners is estopped to challenge the validity of the provision for accumulation because of its acceptance of the income less the accumulation since 1950.

The trial court held, in the respects here material, that (1) the accumulation provision in the will is reasonable and is not void *ab initio,* and that such provision has not become so unreasonable, unnecessary, or contrary to public policy so as to require the court to rule that it should be terminated; (2) that the testator's intent will be most nearly carried out if it is determined that said provisions are "mandatory and may not be excused;" and (3) that the Trustees shall have the power and are directed to encroach upon the corpus of the trust estate and to distribute to the charitable beneficiaries such amounts in any year necessary to avoid the payment of the excise taxes imposed by § 4942.

Shriners and Missouri Society appealed, but Missouri Society's appeal is directed only to the holding of the trial court that Shriners is not estopped to challenge the accumulation provisions of the will.

Shriners first contends that the trial court erred in upholding the validity of the accumulation provisions in the Meeker Trust because "the perpetual accumulation of income by a charitable trust is against the public policy and common law of Missouri."

■ All parties admit that this is a trust for charitable purposes. Therefore the rule against perpetuities is not applicable. *Quinn v. Peoples Trust & Savings Co.,* 223 Ind. 317, 60 N.E.2d 281 (1945); *Wendell v. Hazel Wood Cemetery,* 7 N.J.Super. 117, 72 A.2d 383 (1950). All charitable trusts are subject to the broad powers of the courts of equity to secure the maximum possible benefit to the public and to carry out insofar as possible the intent of the donor. In order to accomplish this a court of equity may make such orders regarding the accumulation of income as it deems to be in the public interest, so long as a statutory regulation pertaining to accumulation is not violated. While the trustees are bound by the mandatory directions contained in the trust instrument, the court "is not bound by the instructions of the settlor, but may direct, prohibit, or vary accumulations, and may reconsider decisions made by it with regard to such matters." Bogart Trusts and Trustees, 2d ed. § 352. See also *St. Louis Union Trust Co. v. Bethesda General Hospital,* 446 S.W.2d 823 (Mo.1969). The fact that conditions or circumstances may subsequently arise which would make appropriate the intervention of a court of equity to better carry out the intention of the testator, or to protect the public interest, or to avoid unanticipated tax problems, does not result in the provision for accumulation being void *ab initio.* For example, a provision in a trust for the accumulation of income for a period longer than that permitted by law does not result in the provision for accumulation being void, but the court will permit the accumulation for only the authorized period. *In re Lewis' Estate,* 199 Misc. 463, 99 N.Y.S.2d 986 (1950). Also, the provision for accumulation of income is not void even though it is for an unspecified period of time. *Wendell v. Hazel Wood Cemetery,* 3 N.J.Super. 457, 67 A.2d 219, 224 (1949). But, as stated in the *Wendell* case, "If some time in the future the accumulations should appear to a court of competent jurisdiction to be unreasonable, the accumulations might be ordered distributed to the named beneficiaries immediately or *cy pres.*" In *Lyme High School Ass'n v. Alling,* 113 Conn. 200, 154 A. 439, 441 (1931), the trust provided for annual accumulation of one-third of the income for 99 years "or as long as the law allows." This provision was held to be valid and the court added that the "only limitation [was] the power of

the court to take remedial measures should an unreasonable condition result."

■ Shriners does not contend that *future* accumulation of income will not be in accord with the purposes of the trust, or that it would be unreasonable to accumulate further income, or that to do so would be contrary to the public interest. Its contention is that "the perpetual accumulation" of income by a charitable trust is contrary to public policy and therefore a provision therefor is void *ab initio*. The immediate answer to this is that by operation of law the provision in the Meeker will does not provide for a "perpetual" accumulation, because when continued accumulation of income no longer furthers the purpose of the trust or is in detriment to the public interest, the courts of equity may correct the matter. But, until such condition is shown to exist, the intent of the testator should be given effect. Therefore, the provision in the Meeker will providing for accumulation of income is not void *ab initio*, but it is mandatory on, and may not be excused by, the trustees, and it must be complied with until, for good cause shown, a court of equity decrees otherwise.

Appellant next asserts the trial court erred in holding that the accumulation provision "is mandatory and may not be excused" because, it argues, this "ignores the power to the courts to order a deviation from the terms of a charitable trust."

What we have said in ruling on appellant's first point in effect rules this contention.

The holding of the trial court that the accumulation "is mandatory and may not be excused" has reference to the powers or authority of the trustees under the trust agreement; it does not purport to constitute a limitation on the power or authority of a court of equity. Such holding by the trial court did not "ignore" the power of the trial court to order a deviation when the circumstances warrant such action. In fact, in the judgment, the trial court recognized such power by its holding that the accumulation provision had not become so unreasonable, unnecessary, or contrary to public policy to then justify an order of deviation, and by its holding that the trustees be granted the power to encroach upon the corpus of the trust.

Appellant's final contention is that the trial court erred "in holding that the accumulation provision in the Meeker Trust is not void *ab initio*" because, it argues, "the ordering of payment of the trust's accumulated income would best avoid [1] the evil of perpetual accumulation and avoid [2] the consequences of § 4942 IRC."

Each of the reasons advanced is a non-sequitur to the issue of whether the accumulation provision is void.

As previously pointed out, we do not have the issue of a "perpetual" accumulation, and what appellant argues, in effect, is that it disagrees with what is "best." We do not consider that to be an issue in this case. But to direct the Trustees to take the action proposed by appellant would defeat the expressed intention of the testator when there has been no showing that some action by a court pertaining to accumulations is called for in the public interest or to preserve the purpose of the trust.

In view of the result we have reached as to the above issues, we need not rule on the merits of the appeal by Missouri Society.

The judgment is affirmed.

SMITH, P. J., not participating.

DOWD, J., concurs.